UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

RACHEL HUBBARD,

        Plaintiff,

-against-                                       **JOINT PRE-TRIAL ORDER**

NO PARKING TODAY, INC. and
CLAYTON THOMAS,                         Index No.:08CIV 7228(GEL)

        Defendants.

----------------------------------------------------------------x

      Plaintiff Rachel Hubbard and Defendant No Parking Today, Inc and Clayton Thomas, pursuant to the individual rules of Hon. Deborah A. Batts hereby set forth the following Joint Pre-Trial Order:

## 1. NATURE OF THE CASE

      This is an employment discrimination action pursuant to Title VII of the Civil Rights Act of 1967, New York State Executive Law §296 *et al.*, and New York City Administrative Code §8-101 *et al.* Plaintiff alleges that she was unlawfully terminated based on her refusal to accede to sexual demands, and in retaliation for her complaints about discrimination, sexual harassment and hostile work environment

## 2. JURISDICTION AND VENUE

The jurisdiction of this court over this controversy is invoked pursuant to 28 U.S.C. 1331 and 29 U.S.C. 2617 as to the causes of action alleged under 42 U.S.C. 2000e, et seq. The jurisdiction of this court over the causes of action under New York Executive Law and New York City Administrative Code is invoked pursuant to 28 U.S.C. 1367.

The Southern District of New is the proper venue pursuant to the contract between the parties and residence of the defendant at 1220 Southern Boulevard, Bronx, New York.

## 3. JURY/NON-JURY

This case is to be tried before a JURY.

## 4. RELIEF SOUGHT

Plaintiff seeks damages suffered on account of the unlawful employment practices of Defendants including but not limited to compensatory damages for Plaintiff's lost wages and emotional distress, punitive damages for Defendants' discriminatory conduct and all reasonable attorneys' fees and costs in the prosecution of this action. Plaintiff seeks lost wages, $100,000.00 in emotional distress damages and $1,000,000.00 in punitive damages.

The defendant's are seeking a dismissal of all counts of this action.

## 5. UNDISPUTED FACTS

1. Plaintiff Rachel Hubbard was an employee at Defendants from on or about April 11, 2007 to on order about May 28, 2007.

## 6. PLAINTIFF'S ASSERTIONS OF DISPUTED FACTS

1. Plaintiff was subject to sexual harassment and hostile work environment at Defendant No Parking, Inc. including but not limited to sexual touching and sexual intimidating behavior. (See, Verified Complaint; Amended Complaint; transcript of Rachel Hubbard).

2. On or about April 11, 2007, a supervisor, David Livermore, approached plaintiff and asked inappropriate questions regarding her personal life. During that conversation the supervisor grabbed plaintiff, pulled her towards him, kissed her and stuck his tongue into her mouth. Plaintiff attempted to pull away but the supervisor's grasp was too strong. When the supervisor released her, he simply laughed. Before leaving, the supervisor threatened plaintiff from reporting his conduct by relating to her that he had power and prestige with defendant and that he was friends with the owner. (See, Verified Complaint; Amended Complaint; transcript of Rachel Hubbard at page 32 -33 ln. 15 – 3, page 34 – 35 ln. 25 – 3, page 35 ln. 20 – 22, page 51 at ln. 8 - 13)

3. In the following weeks, the supervisor continually contacted plaintiff to arrange times to see her. Plaintiff simply made excuses whenever they spoke to avoid contact with the supervisor. (See, Verified Complaint; Amended Complaint; transcript of Rachel Hubbard at page 52 ln. 23 – 25).

4. In late-May 2007, the supervisor approached plaintiff at a job site and again attempted to kiss her. Plaintiff made up an excuse about her breath to avoid the situation. (See, Verified Complaint; Amended Complaint; transcript of Rachel Hubbard at page 51 ln. 23 - 25

5. On or about May 25, 2007, while at work, plaintiff called the supervisor because she required assistance at the job site. The supervisor arrived and immediately approached plaintiff and squeezed her leg. Plaintiff made it clear that his conduct was unacceptable.

The supervisor then said, "I can get you relieved right now if you don't want to work." Plaintiff was then not called into work the following weekend, when she had previously been asked to work. (See, Verified Complaint; Amended Complaint; transcript of Rachel Hubbard).

6. On or about May 28, 2007, plaintiff called defendant's office and asked to speak with the owner Clayton Thomas to make a formal complaint about her supervisor. Plaintiff was told that all complaints go through Clifford Mayfield and that he would call plaintiff back. Later that day plaintiff again called defendant to speak to Clifford Mayfield, who then got on the phone. Plaintiff informed him that she wanted to make a complaint about her supervisor for touching her and treating her in a sexually inappropriate manner. Clifford Mayfield simply responded that plaintiff was no longer working at defendant. (See, Verified Complaint; Amended Complaint; transcript of Rachel Hubbard at page 54 – 55, ln. 19 - 4).

7. On or about May 28, 3009, plaintiff's employment was terminated by defendants. (See, Verified Complaint; Amended Complaint; transcript of Rachel Hubbard)

8. Plaintiff is a member of a protected class as a female. (See, Verified Complaint; Amended Complaint).

9. The harassment to which plaintiff was subjected was severe and pervasive such that it altered the terms of and conditions of plaintiff's employment. (See, Verified Complaint; Amended Complaint; transcript of Rachel Hubbard).

10. David Livermore was at all material times a supervisory employee of defendants. (See, Verified Complaint; Amended Complaint; transcript of Rachel Hubbard, EEOC position statement, transcript of Clayton Thomas).

11. Clifford Mayfield was at all material times a supervisory employee of defendants. (See, Verified Complaint; Amended Complaint; transcript of Rachel Hubbard, EEOC position statement, transcript of Clayton Thomas).

12. Plaintiff reasonably believed that David Livermore was at all material times a supervisory employee of defendants. (See, Verified Complaint; Amended Complaint; transcript of Rachel Hubbard; EEOC position statement).

13. Plaintiff reasonably believed that Clifford Mayfield was at all material times a supervisory employee of defendants. (See, Verified Complaint; Amended Complaint; transcript of Rachel Hubbard; EEOC position statement).

## 7. DEFENDANTS' ASSERTIONS OF DISPUTED FACTS

1. The defendant denies that Rachael Hubbard was ever employed by Clayton Thomas.

2. The defendants deny that the plaintiff was subjected to any sexual harassment and hostile work environment at defendants' work place and further denies any sexual touching and sexual intimidating behavior. Clayton Thomas denies any and all contact with Rachael Hubbard. Clayton Thomas conducted an inquiry as to the plaintiff's allegations and found that the allegations were not substantiated. Plaintiff was not fired but simply did not return to work. David Livermore was not a supervisory employee of No Parking Today, Inc. nor of David Thomas and there was no reason for the plaintiff to believe that David Livermore was some type of superior.

## 8. ISSUES TO BE TRIED

**Plaintiff's Issues:**

1. Whether Plaintiff was subjected to a hostile work environment on account of her gender?

2. Whether Plaintiff was subjected to a hostile work environment on account of her refusal to accede to sexual demands?

3. Whether Plaintiff was subjected to a hostile work environment in retaliation for her protected complaints?

4. Whether Plaintiff was unlawfully terminated on account of her gender?

5. Whether Plaintiff was unlawfully terminated on account of her refusal to accede to sexual demands?

6. Whether Plaintiff was unlawfully terminated in retaliation for her protected complaints?

7. Whether Plaintiff was retaliated against for her engagement in protected activities?

**Defendants' Issues:**

1. It is defendant's position that Clayton Thomas can not be liable to the plaintiff. Clayton Thomas does not own No Parking Today Inc. Clayton Thomas as an individual should be held liable by operation of law and the plaintiff never worked for Clayton Thomas.

2. It is defendant's position that the plaintiff worked for No Parking Today, Inc. and that as an officer, Clayton Thomas never has any contact with the plaintiff nor was David Livermore ever authorized to act for No Parking Today Inc.

3. Move for dismissal of this action on the grounds that the plaintiff does not make out a prima facie case against any of the defendants.

4. Even if the plaintiff's accusations were wholly or partially true the plaintiff acted voluntarily and had or wanted a relationship to develop with David Livermore. The relationship between the plaintiff and David Livermore this action had nothing to do with the business and therefore this action should be dismissed.

5. This court lacks jurisdiction.

6. The alleged acts of David Livermore were outside his scope of authority.

7. Dismiss all counts. The citing of the Executive Law and Administrative Law are not specific and do not state what section of the Executive Law and Administrative Law that were violated by the defendants.

9. **WITNESSESS**

**Plaintiff's Witnesses:**

Clayton Thomas

Clayton Thomas may be called to testify as a hostile witness. He would testify as to the investigation or lack thereof an investigation conducted as a result of the complaint of sexual harassment by plaintiff. Clayton Thomas proceeded to terminate plaintiff in retaliation of her protected activity.

Rachel Hubbard

Plaintiff Rachel Hubbard will testify as to the events that constitute the sexual harassment and hostile workplace created by defendants. Plaintiff called defendant Clayton Thomas to complain about the sexual harassment she had received from her supervisor David Livermore. Defendant's agent then terminated Plaintiff in retaliation for her protected activities.

**Defendants' Witnesses:**

Clayton Thomas

David Livermore has been deported for other reasons – and nothing to do with this case.

Possibly – a witness from (EEOC) Equal Employment Opportunity Commission – case # 520-2008-00137

10. **EXHIBITS**

   **Plaintiff's Exhibits:**

   1. Plaintiff Rachel Hubbard's Equal Employment Opportunity Commission Charge dated October 2, 2007
   2. Defendants position statement to the Equal Employment Opportunity Commission dated November 26, 2007.
   3. Equal Employment Opportunity Commission confirmation letter dated November 14, 2007.
   4. Right to Sue letter from the Equal Employment Opportunity Commission dated July 23, 2008.
   5. Plaintiff Rachel Hubbard's Application for employment dated March 26, 2007.
   6. No Parking, Inc., Worker's Annual Agreement dated March 26, 2007.
   7. Plaintiff Rachel Hubbard's Resume.
   8. Copy of Plaintiff Rachel Hubbard's driver license and social security card.
   9. Plaintiff's W-4 dated March 26, 2007.
   10. Plaintiff's time sheet from her employment with defendants from April 12, 2007 through May 31, 2007.
   11. Plaintiff's earning statement from May 16, 2006 to May 31, 2007.
   12. Birthday Card from Plaintiff Rachel Hubbard.
   13. Defendants' answer to plaintiff's interrogatories.
   14. Defendant No Parking Today, Inc. Employee Handbook.
   15. Transcript of the Examination Before Trial of Rachel Hubbard.
   16. Transcript of the Examination Before Trial of Clayton Thomas.
   17. Equal Employment Enforcement Guidance: Vicarious Employer Liability.

   **Defendants' Exhibits:**

   A. Record from EEOC case # 520-2008-00137
   B. Records of No Parking Today Inc. which may be applicable.
   C. Personal Records of the plaintiff.
   D. Worker's Annual Agreement Dated 1/2/07.
   E. Application of Employment for Rachael Hubbard.
   F. Work Records of Rachael Hubbard.

G. "Happy Birthday Card" from Rachael Hubbard to David Livermore.
H. The statement of Clayton Thomas to EEOC in response to complaint of Rachael Hubbard.
I. EBT of Rachael Hubbard.
J. Guide – Enforcement Guidance Vicarious Employer Liability for Unlawful Harassment by Supervisors.
K. Statement of Rachael Hubbard given to EEOD.

11. **EXPERTS**

No experts are to be called as witnesses.

12. **TRIAL COUNSEL**

Mark L. Lubelsky, Esq.

Amelio P. Marino, Esq.

13. **ESTIMATE OF TRIAL TIME**

Plaintiff expects the total duration of trial to be approximately 2 days.

Respectfully submitted,

MARK L. LUBELSKY & ASSOCIATES

/s/ Mark Lubelsky
Mark Lubelsky, Esq (ML7958)
123 West 18th Street, 8th Floor
New York, NY 10011
(212) 242-7480

MARINO & VENEZIANO, ESQS.

_Amelio P. Marino_
Amelio P. Marino, Esq.
163 West 71st Street
New York, New York 10023
(212) 873-7297