UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

RACHEL HUBBARD,

        Plaintiff,

 -against-                                          **PLAINTIFF'S PROPOSED REQUEST TO CHARGE**

NO PARKING TODAY, INC. and
CLAYTON THOMAS,                      Index No.:08CIV 7228(GEL)

        Defendants.

------------------------------------------------------------------x

1. Members of the jury, the time has come for the Court to give you its instructions with respect to the law which is applicable in this case. You must apply the law as I explain it to you. Any comments I may make about the facts are only to help you and you are not required to agree with them. It is your function and responsibility to decide the facts. You must base your findings only upon the testimony, the exhibits received and the stipulation[s] of the parties, including any conclusions which may be fairly drawn from that evidence.

2. Opening statements and arguments of the lawyers are not evidence in this case. If your memory of any of the testimony is different from any statement that I might make during the course of these instructions or that counsel might make in argument, you must rely on your own memory.

3. Any person who testifies, including a party, is a witness.

4. During the course of the trial, it has been my duty to rule on a number of questions of law, such as objections to the admissibility of evidence, the form of questions, and other legal

points. You should not draw any conclusions from these rulings either as to the merits of the case, or as to my views regarding any witness, party, or the case itself.

5. It is the duty of a lawyer to make objections which that lawyer believes are proper. You should not be influenced by the fact that these objections were made, no matter how the court may have ruled on them. You must disregard any evidence which I have ordered stricken.

6. You are the sole judges of whether testimony should be believed. In making this decision, you may apply your own common sense and everyday experiences.

7. In determining whether a witness should be believed, you should carefully judge all the testimony and evidence and the circumstances under which each witness has testified. Among the factors that you should consider are the following:

    (i) the witness' behavior on the stand and way of testifying

    (ii) the witness' opportunity to see or hear the things about which testimony was given;

    (iii) the accuracy of the witness' memory;

    (iv) did the witness have a motive not to tell the truth?

    (v) does the witness have an interest in the outcome of the case?

    (vi) was the witness' testimony consistent;

    (vii) was the witness' testimony supported or contradicted by other evidence?

    (viii) whether and the extent to which the witness' testimony in the court differed from the statements made by the witness on any previous occasion.

8. You need not believe any witness even though the testimony is uncontradicted. You may believe all, part, or none of the testimony of any witness.

9. An expert is a witness who has special training or experience in a given field. You should give expert testimony the weight and value you believe it should have. You are not required to accept any expert's opinion. You should consider an expert's opinion together with all of the other evidence.

10. You must consider and decide this case fairly and impartially. All persons, including corporations, stand equal before the law and are entitled to the same treatment under the law. You should not be prejudiced for or against a person because of that person's race, color, religion, political or social views, wealth or poverty. You should not even consider such matters. The same is true as to prejudice, for or against, any party.

11. You should not conclude from any conduct or words of mine that I favor one party or another, or that I believe or disbelieve the testimony of any witness.

12. You, not I, are the sole judges of the believability of witnesses and the weight of the evidence. You must not be influenced in any way by my conduct during the course of the trial.

13. The party who asserts a claim or affirmative defense has the burden of proving it by what we call the preponderance of the evidence.

14. To prove something by a preponderance of the evidence means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence which, when considered and compared with the evidence opposed to it, has more convincing force and produces in your mind a belief that it is more likely true than not true.

15. In determining whether a party has met the burden of proof you should consider the quality of all of the evidence regardless of who called the witnesses or introduced the exhibit and regardless of the number of witnesses which one party or the other may have produced.

16. If you believe that the evidence is evenly balanced on an issue, then your finding on that issue must be against the party who has the burden of proving it.

17. It is unlawful for an employer to discriminate against or harass any person with respect to employment because of the individual's sex or refusal to accede to sexual demands or in retaliation for complaining that she was discriminated against or harassed on account of her sex or for her refusal to accede to sexual demands. This encompasses protection for an employee from hostile environment sex discrimination.

18. To establish a claim of sexual harassment against Defendants, the Plaintiff must prove, by a preponderance of the evidence, each of the following:

    (i) That she was subject to unwelcome sexual harassment;

    (ii) That the harassment complained of was based upon sex-would the conduct have been done to a man?

    (iii) That the harassment complained of was sufficiently severe or pervasive so as to create a hostile or abusive work environment; and

    (iv) That she suffered some injury, damage, or harm which was caused by the sexual harassment.

19. To establish a claim that the plaintiff's employment was terminated on account of her sex or her refusal to accede to sexual demands or in retaliation for protected complaints of discrimination, the Plaintiff must prove, by a preponderance of the evidence, each of the following:

    (i) That at the time of plaintiff's termination that plaintiff was female, or what had refused to accede to sexual demands or had made protected complaints of discriminatory conduct;

    (ii) That the plaintiff's sex, or refusal to accede to sexual demands or protected complaints were a motivating factor in the defendant's decision to discharge the plaintiff; in other words, it is not necessary for the plaintiff to prove that her sex or refusal to accede to sexual demands or protected complaints were the sole or exclusive reason for the defendant's decision.

    (iii) That she was qualified at the time to continue in her position; and

    (iv) That she suffered some injury, damage, or harm which was caused by the termination of her employment.

    (v) If you find that plaintiff has proven these facts, she has proven enough so that you may, but need not, render a verdict in her favor.

20. If you find that plaintiff has proven these facts and that the defendant has not produced a reason other than the plaintiff's sex, or refusal to accede to sexual demands or protected complaints for the discharge, then you must find for the plaintiff.

21. If, on the other hand, defendant has produced evidence of a reason other than the plaintiff's sex, or refusal to accede to sexual demands or protected complaints for discharging plaintiff, you must find for the defendant unless you find, considering all the evidence in the case, that plaintiff has proved that the reason given by defendant was not the true reason for plaintiffs discharge, or that the plaintiffs the plaintiff's sex, or refusal to accede to sexual demands or protected complaints more likely than not was a determining factor in her discharge.

22. You must find for plaintiff if you find that the reasons defendant has offered for its conduct are pretextual, that is, not the true reason. In making this determination, you should consider the reasonableness or lack thereof of defendant's explanation.

23. If you find the reasons articulated by defendants to be unbelievable or a coverup, then you must find for the plaintiff. Even if the reason given by defendant for its conduct is true, that explanation may still be pretextual.

24. Sexual harassment is either unwelcome sexual advances, other unwelcome verbal or physical conduct of a sexual nature, or request for sexual favors. In order to constitute harassment, the conduct must be unwelcome in the sense that the employee did not solicit or invite it, and the employee regarded the conduct as unwelcome or offensive.

25. The Plaintiff must prove by a preponderance of the evidence that gender was a substantial factor in the claimed harassment, and that if that Plaintiff had been a man, they would not have been treated in the same manner.

26. To recover for sexual harassment, the Plaintiff must prove by a preponderance of the evidence that the unwelcome sexual advances or other unwelcome sexual conduct was either sufficiently severe or sufficient to create an objectively hostile or abusive work environment. In other words, the Plaintiff must prove by a preponderance of the evidence that the environment in issue was such that a reasonable person would find it to be hostile or abusive and further that Plaintiffs themselves subjectively perceived it to be hostile or abusive. You should consider the evidence not only from the Plaintiff's perspective, but also from the perspective of a reasonable person, and not from the perspective of an overly sensitive person.

27. With respect to whether unwelcome sexual advances or conduct was sufficiently severe, you are to consider the seriousness and intensity of the advances or conduct.

28. In making a determination as to whether the environment was hostile or abusive, you may consider the totality of the circumstances. Factors to consider include:

    (i) The nature of the sexual advances or conduct, that is, whether it was verbal or physical;

    (ii) The frequency and severity of the sexual advances or conduct; or

    (iii) The context in which the sexual advances or conduct occurred; or

    (iv) Whether the conduct unreasonably interfered with the Plaintiff's work Performance.

29. No one factor is determinative of the issue.

30. If you determine that a Plaintiff has proven by a preponderance of the evidence that she was sexually harassed then you must determine whether it has been proven by a preponderance of the evidence whether David Livermore was a supervisor when he sexually harassed the Plaintiff.

31. A supervisor is someone who has a significant degree of influence over the employee. The essence of supervisory status is the authority to affect the terms and conditions of the employee's employment. This authority primarily consists of power to hire, fire, demote, promote, transfer, or discipline an employee. You may also consider whether or not David Livermore had the authority to make personnel decisions concerning the employee, the ability to direct the employee in her work or evaluate her performance or make or recommend personnel actions concerning the employee. Absent an entrustment of at least some of this authority, an employee does not qualify as a supervisor.

32. If you determine that a Plaintiff has proven by a preponderance of the evidence that she was sexually harassed by David Livermore and that he was a supervisor of the Plaintiff at the time of the harassment, then you should consider the defense the Employer has asserted. The

burden is on the Employer to prove by a preponderance of the evidence each of two necessary elements of its defense:

> (i) that it exercised reasonable care to prevent sexually harassing behavior and took prompt corrective measures to end sexually harassing behavior and that (2) the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer, or unreasonably failed to avoid harm otherwise.

33. With respect to preventing sexual harassment, you should consider proof of Defendant's dissemination of anti-harassment policy, whether and to what extent it was made known to employees, the methods by which an employee could report sexual harassment, whether it was administered in good faith, whether the policy was reasonably effectual, or whether the employer rendered it ineffectual by acting unreasonably in administering the policy.

34. With respect to prompt corrective measures, the question before you is not whether the investigation was perfect or whether company guidelines were followed in conducting any investigations.

35. With respect to whether the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer, or unreasonably failed to avoid harm otherwise, if you find by a preponderance of the evidence that a Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer, or, that a Plaintiff failed to avoid harm otherwise, then the employer has established that element of the defense.

36. There is no bright line test in determining what is or what is not reasonable or unreasonable in considering whether or not a Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by the employer.

37. An employee's unsubstantiated, speculative, or generalized subjective fears of retaliation, repercussion, or confrontation does not excuse the duty of the employee to take advantage of an anti-discrimination complaint procedure provided by the employer, if the employer has provided an effective mechanism for reporting and resolving complaints of sexual harassment available to employees without risk or exposure. Embarrassment is insufficient to establish that the Plaintiff's failure to complain was reasonable. The reasons for an employee not complaining about harassment should be reasonable under all the circumstances and based upon the evidence. You should consider evidence, if any, of whether past complaints provoked retaliation, put jobs at risk, or resulted in some adverse employment action by the employer. The employer has the burden of proving by a preponderance of the evidence both elements of its defense.

38. In considering whether Plaintiffs unreasonably failed to avoid harm otherwise, you may consider from the evidence other avenues that Plaintiffs had available to them other than the employers internal complaint procedure.

39. If you find that the employer has proven the two elements of its defense by a preponderance of the evidence, then you must find in favor of the employer and against the Plaintiff. If the employer only proves one element of its defense by a preponderance of the evidence, then you should find in favor of the Plaintiff.

40. If you determine that a Plaintiff has proven by a preponderance of the evidence that she was sexually harassed by and that he was a co-employee, as opposed to a supervisor, of the

particular Plaintiff, then a Plaintiff must prove by a preponderance of the evidence that the employer either knew or should have known of the alleged harassment and failed to take measures reasonably calculated to end the conduct. With respect to whether the employer should have known of the alleged harassment, you should consider any evidence that gave the employer enough information to make a reasonable employer think that there was some probability that the plaintiff was being sexually harassed. If you find that the employer knew or should have known of the alleged harassment, then you should consider whether or not the employer exercised reasonable care to end that sexually harassing behavior. With respect to preventing sexual harassment, you should consider proof of the defendant's dissemination of an anti-harassment policy, whether it made it known to employees, the methods by which an employee could report sexual harassment, whether it was administered in good or bad faith, whether the policy was reasonably effectual, or whether the employer rendered it ineffectual by acting unreasonably in administering the policy.

41. With respect to prompt and corrective measures, the question before you is not whether the investigation was perfect or whether company guidelines were followed in conducting investigations. Mere violation of company policy does not constitute a violation of the law. The law does not require that investigations into sexual harassment complaints be perfect. If the remedial action effectively ended the harassment, or was reasonably calculated to prevent further harassment, the Defendant has established that they took prompt corrective measures to end sexually harassing behavior.

42. If you find that a Plaintiff has proven by a preponderance of the evidence that the employer knew or should have known of the sexual harassment by a co-employee and failed to take

measures reasonably calculated to end the conduct, then you should find for the Plaintiff and against the employer.

43. If the Plaintiff fails to prove by a preponderance of the evidence the elements as recited, you should find for the employer.

44. In the event that you find for the plaintiff on the issue of liability, then you must go on to consider the question of damages. It will be your duty to determine what, if any, award will fairly compensate the plaintiff for the losses. The burden is on the Plaintiff to prove by a preponderance of the evidence each item of damage claimed to be caused by the defendant. In considering the items of damage, you must keep in mind that your award must adequately and fairly compensate the plaintiff, but an award should not be based on guesswork.

45. Regarding damages, you shall consider the following:

    (i) the injuries sustained and their extent and duration;

    (ii) the effect such injuries have on the overall mental health and well-being of the plaintiff;

    (iii) the physical pain and mental anguish suffered in the past and which with reasonable probability may be expected to be experienced in the future;

    (iv) the medical and other expenses reasonably and necessarily incurred in the past and which with reasonably probability may be expected to be experienced in the future; and

    (v) whether punitive or exemplary damages are appropriate and if so, in what amount.

46. In addition to awarding damages to compensate the plaintiff for her injuries, you may, but you are not required to, award plaintiff punitive damages if you find that the act of the defendant that caused the injury complained of was willful, wanton, reckless, or malicious. The purpose of punitive damages is to punish the defendant for such acts and thereby to discourage the defendant and others from acting in a similar way in the future.

47. An act is wanton and reckless when it is done in such a way and under such circumstances as to show conscious indifference and utter disregard of its effect upon the safety and rights of others.

48. An act is malicious when it is done deliberately with knowledge of plaintiff's rights, and with the intent to interfere with those rights.

49. An act is willful if the defendant knew or showed reckless disregard for whether the termination of plaintiff on account of her age was prohibited by the law.

50. There is no exact rule by which to decide the amount of punitive damages. You may award punitive damages in such amount as in your sound judgment and discretion you find will punish the defendant for what was done and will deter the defendant and others from acting in a similar way in the future. In arriving at your decision as to the amount of punitive damages you should consider the following factors:

    (i) The nature and reprehensibility of what the defendant did. That would include the character of the wrongdoing, the defendant's awareness of what harm the conduct caused or was likely to cause, any concealment or covering up of the wrongdoing, and whether and how often the defendant had committed these acts in the past.

    (ii) The actual and potential harm created by defendant's conduct. The amount of punitive damages should bear a reasonable relationship not only to the actual harm that the

plaintiff suffered or may suffer from defendant's conduct but also to the potential for harm created by that conduct.

51. In awarding damages in this case you must itemize your verdict or award to show the amount intended for:

    (i) economic damages such as lost wages;

    (ii) the "non-economic damages" sustained in the past and reasonably probable to be sustained in the future. All damages which you may find for mental suffering are non-economic damages. This includes the mental pain and suffering, fright, nervousness, indignity, humiliation, embarrassment, and insult to which the Plaintiff was subjected in the past which was a direct result of the alleged conduct by and which with reasonable probability may be expected to be experienced in the future; and

    (iii) Punitive or exemplary damages.

52. The effect that an injury might have upon a particular person depends upon the susceptibility to injury of the Plaintiff. In other words, the fact that the injury would have been less serious if inflicted upon another person should not affect the amount of damages to which the Plaintiff may be entitled.

53. A person who had a particular condition before the incidents may be awarded damages for the aggravation or worsening of that condition. A Plaintiff has a duty to use reasonable efforts to reduce the damages. If you find that the Plaintiff did not act reasonably to minimize her damages, and that the damages could have been lessened, the she cannot recover the amount by which they were increased

Dated: February 4, 2011          Respectfully submitted,
New York, NY

                                         MARK L. LUBELSKY & ASSOCIATES

                                         **/s/ Mark Lubelsky**
                                         Mark L. Lubelsky, Esq. (ML7958)
                                         Attorneys for Plaintiff
                                         123 West 18th Street, 8th Floor
                                         New York, New York 10011
                                         (212) 242-7480